UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-23552

JANET LORENZO-GARCIA,

     Plaintiff,

v.

MSC CRUISES, S.A.,

     Defendant.

_____/

**COMPLAINT FOR DAMAGES
AND DEMAND FOR TRIAL BY JURY**

    Plaintiff, JANET LORENZO-GARCIA ("Plaintiff"), through undersigned counsel, sues Defendant, MSC CRUISES, S.A. ("Defendant"), and demands trial by jury, stating as follows:

**PARTIES AND JURISDICTION**

    1.    Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

    2.    This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 as the causes of action asserted are maritime torts.

    3.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

    4.    Suit is filed in federal court because of the federal forum selection clause in the passenger contract ticket issued by Defendant.

    5.    Plaintiff is *sui juris* and is a resident and citizen of the state of Florida.

6.     Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the state of Florida, who at all times material hereto was and is doing business in Broward County, Florida, and who maintains its corporate headquarters and principal place of business in Broward County Florida.

7.     Defendant is a dual citizen of the state of Florida and the nations of Italy and/or Switzerland.

8.     Defendant, at all times material hereto, personally or through an agent, in Broward County Florida, in the Southern District of Florida:

   a.     Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b.     Had an office or agency in this state and/or county; and/or

   c.     Engaged in substantial activity within this state; and/or

   d.     Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 or 48.193.

9.     All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS

10.     Hereinafter, the phrase, "subject area," shall include, but not be limited to, the bathroom, the floor, and all material pertaining thereto, including any handrails that were or should have been present, drains that were or should have been in the area to reduce the amount of liquid in the area, the faucets, pipes, soap containers/dispensers, cleaning materials, and/or any other sources of liquid in the area, slip resistant materials that were or should have been applied, the lighting in the area, the floor's design and/or visual condition, and/or any other applied, adhesive, and/or other material.

11.   At all times material hereto, Defendant, MSC CRUISES, S.A., owned, operated, managed, maintained, and/or controlled the vessel, the MSC *Meraviglia*.

12.   On or about November 23, 2019, Plaintiff was a lawfully fare paying passenger aboard Defendant's cruise ship vessel, the MSC *Meraviglia*.

13.   As Plaintiff was exiting a stall in the women's restroom next to the elevators at the Casino deck of the MSC *Meraviglia* in a normal and proper manner, as she walked towards the wash basin, Plaintiff lost her footing, slipped, and fell on an extremely slippery surface that was wet and/or soapy. The faucets, pipes, soap containers/dispensers, cleaning materials, and/or any other sources of liquid in the area were also leaking, and were a possible source of the liquid. Plaintiff noticed that a janitorial door was open outside the hallway near the door leading to the restroom. Furthermore, the floor's design and/or visual condition, as well as the lighting in the subject area, was such that Plaintiff was not able to see that there was liquid on the floor prior to her fall. Furthermore, there were no adequate handrails for Plaintiff to grab to help prevent and/or mitigate her fall.

14.   The dangerous and/or risk-creating conditions of the subject area were known or should have been known by Defendant because Defendant's crew members regularly used this restroom and were familiar with the dangerous and/or risk-creating conditions thereof, the lengthy period of time the conditions existed, Plaintiff was advised after her incident that there was a leak in the subject area approximately 15 minutes or more prior to her incident, the amount of water present in the area (so much so that Plaintiff's clothes became soaked after Plaintiff fell), the fact that the janitorial door was open when Plaintiff fell and that Defendant's janitor(s) and/or other staff had been in the subject area within a short period of time prior to Plaintiff's incident, prior incidents and/or complaints involving, among other things, other incidents where passengers

slipped and fell on the same and/or similar surfaces on Defendant's premises, leaking faucets, pipes, soap containers/dispensers, cleaning materials, and/or any other sources of liquid in the area, and/or involving other similar circumstances, and/or other reasons. As a result of the incident, Plaintiff suffered traumatic injuries that included, but are not limited to, severe fractures to her wrist that requires surgery.

15.    Furthermore, when Plaintiff presented to the ship's medical center, the ship's medical staff saw her, but failed to properly immobilize her wrists/injuries despite the obviousness of her fractures, thereby causing her further pain, suffering, injuries, aggravations, and/or other damages.

## COUNT I
## NEGLIGENT HIRING AND RETENTION

16.    Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 10 through 15 as if set forth herein.

17.    Defendant owed Plaintiff the duty to exercise reasonable care under the circumstances for the safety of its passengers.

18.    Such duty includes, but is not limited to, the duty to provide its passengers reasonable care to inspect for, resolve, and/or repair dangerous, hazardous, and/or risk- creating conditions that passengers, including Plaintiff, will likely encounter.

19.    Such duty includes, but is not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers

20.    Such duty includes, but is not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

21.    At all times material, Defendant, through its officers, managers, recruiters, vessel, and/or other agents, employees, staff, crew, and/or representatives, who were acting in the course and scope of their employment and/or agency with MSC CRUISES, S.A., breached the duty of

reasonable care owed to Plaintiff and was negligent through negligently vetting, selecting, hiring, and/or retaining its crewmembers responsible for inspecting, cleaning, and/or maintaining the subject area and the vicinity, warning passengers of the dangerous conditions, and/or otherwise making sure the area where Plaintiff fell was safe, and Defendant knew or should have known these crewmembers were dangerous, incompetent, unqualified, and/or liable to do harm.

22.   It was foreseeable to Defendant that passengers like Plaintiff would suffer incidents if the subject area's floor became unreasonably slippery.

23.   It was therefore foreseeable that the area would require proper inspection, cleaning, maintenance, warning passengers of risk creating and/or dangerous, and/or other efforts to make sure the area where Plaintiff fell was safe.

24.   At all times material, Defendant owed a duty to use reasonable care in hiring and/or retaining all crewmembers.

25.   When Defendant elected to hire its crewmembers, it had a duty to vet, select, and/or hire crewmembers who were adequately qualified, trained, and experienced to work aboard ships and to adequately conduct inspections, cleanings, maintenance, warning passengers of risk creating and/or dangerous, and/or to make other efforts to make sure the area where Plaintiff fell was safe.

26.   Defendant negligently knew or should have known that the ship's crewmembers were dangerous and incompetent and liable to do harm to its passengers.

27.   Defendant failed to conduct a reasonable investigation regarding the competence of the ship's crewmembers responsible for inspecting, cleaning, and/or maintaining the subject area and the vicinity, warning passengers of risk creating and/or dangerous, and/or otherwise making sure the area where Plaintiff fell was safe, including failing to adequately evaluate its crewmembers'

performance during their tenure with it, and including, but not limited to, by failing to properly review and/or analyze their success record in how often they were able to adequately inspect, clean, and/or maintain the subject area and the vicinity, warn passengers of risk creating and/or dangerous conditions, and/or otherwise make sure the area where Plaintiff fell was safe, and failing to adequately discipline and/or terminate their employment when their track record was inadequate and/or improper.

28.    Both prior to and during the course of employment of said crewmembers, Defendant became aware or should have become aware of problems with said crewmembers that indicated their unfitness and/or predisposition to failing to adequately inspect, clean, and/or maintain the subject area and the vicinity, warn passengers of the risk creating and/or dangerous conditions, and/or otherwise make sure the area where Plaintiff fell was safe, for reasons that include, but is not limited to, that Defendant received, made, and/or was otherwise aware of complaints of the same or similar errors, as well as previous failures to adequately perform inspections, cleanings, maintenance, warning passengers of the risk creating and/or dangerous conditions, and/or failures to perform other activities to help make sure the area where Plaintiff fell was safe. Defendant received complaints of these crewmembers' incompetence, and/or was otherwise aware that they did not have adequate training, qualifications, or experience for performing inspections, cleanings, maintenance, warning passengers of the risk creating and/or dangerous conditions, and/or failures to perform other activities to help make sure the area where Plaintiff fell was safe, which indicated their unfitness and/or predisposition to committing errors, but Defendant failed to take further action such as investigating, discharging, or reassignment.

29.    Defendant owed Plaintiff and its passengers a duty of care, when hiring crewmembers to hire and retain only competent crewmembers.

30.   Defendant breached its duty of care to Plaintiff by hiring and retaining incompetent crewmembers.

31.   As a proximate result, Defendant's crewmembers' failed to perform adequate inspections, cleanings, maintenance, warning passengers of the risk creating and/or dangerous conditions, and/or other activities to help make sure the area where Plaintiff fell was safe, and Plaintiff's incident occurred, and Plaintiff suffered severe injuries as a result.

32.   Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred and/or would have been substantially lessened.

33.   As a result of Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of ability to earn money, and loss of the value of Plaintiff's vacation, cruise, and transportation costs.

34.   The losses are either permanent or continuing in nature.

35.   Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, JANET LORENZO-GARCIA, demands Judgment against Defendant, MSC CRUISES, S.A., for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of earnings, loss of ability to earn money, loss of the value of Plaintiff's vacation, cruise, and transportation costs, loss of important bodily functions, and loss of

capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT II
## <u>NEGLIGENT SUPERVISION AND TRAINING</u>

36.    Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 10 through 15 as if set forth herein.

37.    Defendant owed Plaintiff the duty to exercise reasonable care under the circumstances for the safety of its passengers.

38.    Such duty includes, but is not limited to, the duty to provide its passengers reasonable care to inspect for, resolve, and/or repair dangerous, hazardous, and/or risk-creating conditions that passengers, including Plaintiff, will likely encounter.

39.    Such duty includes, but is not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers

40.    Such duty includes, but is not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

41.    At all times material, Defendant, through its officers, managers, recruiters, vessel, and/or other agents, employees, staff, crew, and/or representatives, who were acting in the course and scope of their employment and/or agency with MSC CRUISES, S.A., breached the duty of reasonable care owed to Plaintiff and was negligent through negligently supervising and/or training its crewmembers, whom Defendant knew or should have known were dangerous, incompetent, unqualified, and/or liable to do harm.

42.    It was foreseeable to Defendant that passengers like Plaintiff would suffer incidents if the subject area's floor became unreasonably slippery.

43.   It was therefore foreseeable that the area would require proper inspection, cleaning, maintenance, warning passengers of the risk creating and/or dangerous conditions, and/or other efforts to make sure the area where Plaintiff fell was safe.

44.   At all times material, Defendant owed a duty to use reasonable care in supervising and/or training its crewmembers.

45.   Defendant elected to hire crewmembers to inspect, clean, and/or maintain the subject area and the vicinity, warn passengers of the risk creating and/or dangerous conditions, and/or make other efforts to make sure the area where Plaintiff fell was safe, and it owed a duty to Plaintiff and its passengers to properly supervise and train these crewmembers to adequately perform these inspections, cleanings, maintenance, warning passengers of the risk creating and/or dangerous conditions, and/or other efforts to make sure the area where Plaintiff fell was safe.

46.   Defendant negligently knew or should have known that these crewmembers were dangerous and incompetent and liable to do harm to its passengers.

47.   Defendant failed to conduct a reasonable investigation regarding the competence of these crewmembers, including failing to adequately evaluate its crewmembers' performance during their tenure with it, including, but not limited to, by failing to properly review and/or analyze their success record in how often they were able to adequately inspect, clean, and/or maintain the subject area and the vicinity, and warn passengers of the risk creating and/or dangerous conditions, and/or make other efforts to make sure the area where Plaintiff fell was safe, and failing to adequately discipline and/or terminate their employment when their track record was inadequate and/or improper.

48.   Both prior to and during the course of employment of said crewmembers, Defendant became aware or should have become aware of problems with said crewmembers that indicated their unfitness and/or predisposition to failing to adequately inspect, clean, and/or maintain the subject

area and the vicinity, warn passengers of the risk creating and/or dangerous conditions, and/or otherwise make sure the area where Plaintiff fell was safe, for reasons that include, but is not limited to, that Defendant received, made, and/or was otherwise aware of complaints of the same or similar errors, as well as previous failures to adequately perform inspections, cleanings, maintenance, warning passengers of the risk creating and/or dangerous conditions, and/or failures to perform other activities to help make sure the area where Plaintiff fell was safe. Defendant received complaints of these crewmembers' incompetence, and/or was otherwise aware that they did not have adequate training, qualifications, or experience for performing inspections, cleanings, maintenance, warning passengers of the risk creating and/or dangerous conditions, and/or failures to perform other activities to help make sure the area where Plaintiff fell was safe, which indicated their unfitness and/or predisposition to committing errors, but Defendant failed to take further action such as investigating, discharging, or reassignment.

49.   Defendant breached its duty of care to Plaintiff by failing to provide its crewmembers with proper supervision and/or training to adequately conduct inspections, cleaning, maintenance, warning passengers of the risk creating and/or dangerous conditions, and/or other efforts to make sure the area where Plaintiff fell was safe.

50.   As a proximate result, Defendant's crewmembers' failed to perform adequate inspections, cleanings, maintenance, warning passengers of the risk creating and/or dangerous conditions, and/or other activities to help make sure the area where Plaintiff fell was safe, and Plaintiff's incident occurred, and Plaintiff suffered severe injuries as a result.

51.   Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred and/or would have been substantially lessened.

52.   As a result of Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of ability to earn money, and loss of the value of Plaintiff's vacation, cruise, and transportation costs.

53.   The losses are either permanent or continuing in nature.

54.   Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, JANET LORENZO-GARCIA, demands Judgment against Defendant, MSC CRUISES, S.A., for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of earnings, loss of ability to earn money, loss of the value of Plaintiff's vacation, cruise, and transportation costs, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT III
## NEGLIGENT FAILURE TO WARN OF DANGEROUS CONDITIONS

55.   Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 10 through 15 as if set forth herein.

56.   At all times relevant, Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers, including Plaintiff.

57.   Such duty includes, but is not limited to, the duty that Defendant owes to warn passengers of any dangers that it knew or should have known of that were not open and obvious

to Plaintiff.

58. Such duty also includes, but is not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

59. At all times material, Defendant, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with Defendant, breached the duty of reasonable care owed to Plaintiff and was negligent by failing to warn Plaintiff of the dangers posed by the subject area and the vicinity, of which Defendant knew or should have known of.

60. These dangerous conditions were also created by Defendant.

61. Defendant either failed to adequately inspect the area to ensure that there were no dangerous conditions that passengers needed to be warned of, or Defendant failed to warn Plaintiff despite knowing of the dangers.

62. In addition, Defendant either knew or should have known of these dangerous conditions, due to reasons that include, but is not limited to, prior substantially similar incidents, complaints of incidents, complaints of these conditions, the length of time that these conditions existed, Defendant's participation in the instillation and/or design of the subject area and the vicinity, Defendant's acceptance of the ship with these design defects, because these conditions violated relevant safety standards/recommendations/other guidelines, and/or for other reasons that will be revealed during discovery.

63. Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear and tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

64.  These dangerous conditions existed for a period of time before the incident.

65.  These conditions were neither open nor obvious to Plaintiff.

66.  Defendant's breach was the cause in-fact of Plaintiff's great bodily harm in that, but for Defendant's breach, Plaintiff's injuries would not have occurred.

67.  Defendant's breach proximately caused Plaintiff great bodily harm in that the incident that occurred was a foreseeable result of Defendant's breach.

68.  As a result of Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity, and loss of the value of Plaintiff's vacation, cruise, and transportation costs.

69.  The losses are either permanent or continuing in nature.

70.  Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

WHEREFORE, Plaintiff, JANET LORENZO-GARCIA, demands Judgment against Defendant, MSC CRUISES, S.A., for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of ability to earn money in the future, loss of the value of Plaintiff's vacation, cruise, and transportation costs, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT IV
## NEGLIGENT DESIGN, INSTALLATION, AND/OR APPROVAL OF THE SUBJECT AREA AND THE VICINITY

71.    Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 10 through 15 as if set forth herein.

72.    At all times material hereto, Defendant owed a duty to its passengers, and in particular to Plaintiff, not to permit hazards to be in places where they could harm passengers, such as the area of the incident, as well as to design and install reasonable safeguards.

73.    At all times material hereto, Defendant participated in the design process of the subject vessel by generating design specifications for the shipbuilder to follow, and put the vessel on which Plaintiff was injured into the channels of trade, and/or Defendant approved of the subject vessel's design, including the design of the subject area and the vicinity.

74.    At all times material hereto, Defendant manufactured, designed, installed, and/or approved of the MSC *Meraviglia*, including providing specifications to the shipbuilder in the original build process, and/or during its refurbishments, and as such owed a duty to its passengers, and in particular to Plaintiff, to design, install and/or approve of the subject area and the vicinity without any defects.

75.    At all times material hereto, Defendant through its agents and/or employees who were acting in the course and scope of their employment and/or agency with Defendant, designed, installed, and/or approved of the subject area and the vicinity involved in Plaintiff's incident, which was also in violation of the applicable industry standards/recommendations/and/or other guidelines.

76.    Upon information and belief, Defendant provides design elements of the vessels to the ship builder and/or approves of design elements which include the subject area and the vicinity.

77.   Upon information and belief, Defendant maintains the contractual right to participate, review, modify, and/or reject the design plans and drawings of the vessels, including the MSC *Meraviglia*, during the new build process.

78.   Upon information and belief, Defendant has the right to enter the ship and inspect it during construction to ensure that it is being constructed in accordance with the design specifications and has a right to insist on changes when safety concerns are identified.

79.   Upon information and belief, Defendant has the right to inspect and reject design elements before taking possession of the ship.

80.   At all times material hereto, Defendant knew or had reason to know the subject area and the vicinity involved in Plaintiff's incident were unreasonably dangerous.

81.   Defendant should have known of these dangerous conditions through inspecting the subject area and the vicinity involved in Plaintiff's incident, and if it did not know of these dangerous conditions, this was because it failed to adequately inspect the subject area and the vicinity involved in Plaintiff's incident.

82.   In addition, Defendant either knew or should have known of these dangerous conditions, due to reasons that include, but is not limited to, prior substantially similar incidents, complaints of incidents, complaints of these conditions, the length of time that these conditions existed, because these conditions violated relevant safety standards, and/or for other reasons that will be revealed during discovery.

83.   Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear and tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

84.   However, Defendant permitted dangerous deficiencies to be present in the area of the incident without correcting these design deficiencies, and did not design and install reasonable safeguards.

85.   The design flaws that made the subject area and the vicinity involved in Plaintiff's incident unreasonably dangerous were the direct and proximate cause of Plaintiff's injuries.

86.   Defendant is liable for the design flaws of the vessel, including of the subject area and the vicinity involved in Plaintiff's incident, which it knew or should have known of.

87.   Defendant failed to correct and/or remedy the defective conditions despite the fact that it knew or should have known their danger.

88.   As a result of Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity, and loss of the value of Plaintiff's vacation, cruise, and transportation costs.

89.   The losses are either permanent or continuing in nature.

90.   Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

WHEREFORE, Plaintiff, JANET LORENZO-GARCIA, demands Judgment against Defendant, MSC CRUISES, S.A., for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of ability to earn money, loss of the value of Plaintiff's vacation, cruise, and transportation costs, in the future, loss of important

bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT V
## NEGLIGENCE AGAINST DEFENDANT FOR THE ACTS OF ITS CREWMEMBERS BASED ON VICARIOUS LIABILITY

91.   Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 10 through 15 as if set forth herein.

92.   Defendant at all relevant times, owed Plaintiff a non-delegable duty to exercise the reasonable care required for the safety of a fare-paying passenger.

93.   Alternatively, Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

94.   To the extent Defendant contests its responsibility for the conduct of its crew members, including the crew member(s) that failed to adequately inspect, clean, and/or maintain the subject area and the vicinity, warn passengers of the risk creating and/or dangerous conditions, and/or do other activities to help make sure the subject area and the vicinity were safe, Plaintiff alleges that these individuals were agents of Defendant, for the following reasons:

95.   The crewmembers were the employees of Defendant, or were Defendant's agents, apparent agents, and/or servants.

96.   The crewmembers were subject to the right of control by Defendant.

97.   The crewmembers were acting within the scope of their employment or agency.

98.   Defendant acknowledged that the crew and officers would act on Defendant's behalf, and they accepted the undertaking.

99.   Defendant is vicariously liable for the acts of its crewmembers.

100.   Defendant is vicariously liable for its crew members' negligent acts of failing to

inspect, clean, and/or maintain, the subject area and the vicinity, failing to warn passengers of the risk creating and/or dangerous conditions, and/or failing to do other activities to help make sure the subject area and the vicinity were safe.

101. This negligence proximately caused Plaintiff great bodily harm in that, but for this negligence, Plaintiff's injuries would not have occurred.

102. As a result of Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity, and loss of the value of Plaintiff's vacation, cruise, and transportation costs.

103. The losses are either permanent or continuing in nature.

104. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

WHEREFORE, Plaintiff, JANET LORENZO-GARCIA, demands Judgment against Defendant, MSC CRUISES, S.A., for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of ability to earn money, loss of the value of Plaintiff's vacation, cruise, and transportation costs, in the future, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

**COUNT VI**
**NEGLIGENT FAILURE TO INSPECT, CLEAN, MAINTAIN, AND/OR OTHERWISE**
**REPAIR/REMEDY PREMISES**

105. Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 10 through 15 as if set forth herein.

106. Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

107. This duty includes, but is not limited to, the duty to provide its passengers reasonable care by inspecting, cleaning, maintaining, and repairing/remedying its ship and all parts thereof, so that it is in a reasonably safe condition for the use and enjoyment of its passengers, including, but not limited to, by inspecting, cleaning, maintaining, and repairing/remedying the subject area and the vicinity.

108. At all times material, Defendant, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with Defendant, breached the duty of reasonable care owed to Plaintiff and were negligent by failing to inspect, clean, maintain, and to remedy/repair the subject area and the vicinity involved in Plaintiff's incident such that the unreasonably risk creating and/or dangerous conditions existed, and/or the subject area and the vicinity did not function properly.

109. These risk creating and/or dangerous conditions were caused by design defects and/or by Defendant's failure to adequately inspect, clean, maintain, and/or to repair/remedy the subject area and the vicinity involved in Plaintiff's incident.

110. Defendant's failure to adequately clean, maintain and/or repair/remedy the subject area and the vicinity involved in Plaintiff's incident was either due to its failure to adequately inspect, them prior to Plaintiff's incident to ensure that they were in a reasonably safe condition,

or due to its failure to adequately clean, maintain and/or repair/remedy them despite its knowledge of the dangerous conditions, which posed a risk to its passengers.

111. In addition, Defendant either knew or should have known of these dangerous conditions, due to reasons that include, but are not limited to, prior substantially similar incidents, complaints of incidents, complaints of these conditions, the length of time that these conditions existed, Defendant's participation in the instillation and/or design of the subject area and the vicinity involved in Plaintiff's incident, Defendant's acceptance of the ship with these design defects, and/or because these conditions violated relevant safety standards.

112. Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear and tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

113. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred.

114. As a result of Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity, loss of the value of Plaintiff's vacation, cruise, and transportation costs.

115. The losses are either permanent or continuing in nature.

116. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

WHEREFORE, Plaintiff, JANET LORENZO-GARCIA, demands Judgment against Defendant, MSC CRUISES, S.A., for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of ability to earn money in the future, loss of the value of Plaintiff's vacation, cruise, and transportation costs, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT VII
## VICARIOUS LIABILITY AGAINST DEFENDANT
## FOR THE NEGLIGENCE OF THE SHIP'S MEDICAL STAFF

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs 10 through 15 as though alleged originally herein.

117.  Defendant, through the ship's medical staff (including its physicians and nurses), and the ship's crew, owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

118. Such duties include, but are not limited to, providing such medical care and assistance as would an ordinarily prudent person under the circumstances.

119. At all times material, the ship's medical staff (including its physicians and nurses), and the ship's crew, were full time employees and agents of Defendant, subject to its direction and control, who were engaged in the activity of discharging Defendant's obligation to make such medical aid and assistance available to its passengers as would an ordinarily prudent person under the circumstances.

120.  Defendant is estopped to deny that the ship's medical staff (including its physicians

and nurses), and the ship's crew, were its agents and/or employees and/or servants.

121.  Defendant directly paid the ship's medical personnel and regular crew a salary (i.e., payment by time) for their work in the ship's hospital and in treating passengers.

122.  Defendant created, owned, directly provided, and operated, the medical center to be used by the ship's medical personnel and passengers.

123.  Defendant pays to stock the medical center with all supplies, medical machinery, various medicines, and equipment to be used therein, regularly stocking and restocking same.

124.  Defendant collected all medical revenues directly from passengers and generated a profit on the sale of medical services, supplies, and equipment made by the ship's medical personnel to the passengers of the vessel.

125.  Defendant's marketing materials described the infirmary in proprietary language.

126.  The ship's medical personnel were members of the ship's crew; they were subject to the ship's discipline; they were required to wear the ship's uniforms; they (and, in particular, the ship's physicians) were members of the ship's officer's compliment, and at all times they were subject to termination, or other discipline, by Defendant.

127.  Defendant provided the ship's medical personnel certain forms of liability insurance and/or indemnification rights.

128.  Defendant, through the ship's medical staff (including its physicians and nurses), and the ship's crew, breached its duties, and was negligent by failing to adequately examine, diagnose, and/ or treat Plaintiff's injuries.

129.  Furthermore, Defendant, through the ship's medical staff (including its physicians and nurses), and the ship's crew, breached its duties, and was negligent because the physicians

and/or other crew members that were responsible for treating Plaintiff lacked adequate experience in treating injuries such as the one Plaintiff suffered.

130. Defendant, through the ship's medical staff (including its physicians and nurses), and the ship's crew, also breached its duties and was negligent by failing to adequately supply and equip its medical center to be able to adequately examine, diagnose, and treat Plaintiff's injuries.

131. Moreover, Defendant, through the ship's medical staff (including its physicians and nurses), and the ship's crew, breached its duties, and was negligent by failing to take proper measures to ensure that Plaintiff was able to obtain the medical treatment Plaintiff needed in a reasonable amount of time, and as a result, Plaintiff suffered additional injuries and/or Plaintiff's injuries were aggravated and made worse.

132. Additionally, at all times material hereto, Defendant, through the ship's medical staff (including its physicians and nurses), and the ship's crew, was careless, negligent, and breached its duties as follows:

    a.  Failing to properly immobilize Plaintiff's wrist/injuries;

    b.  Failing to promptly provide Plaintiff with proper and/or adequate medical care and attention;

    c.  Failing to timely and properly diagnose Plaintiff's medical condition;

    d.  Failing to attend to Plaintiff and Plaintiff's injuries;

    e.  Failing to provide reasonable medical care;

    f.  Failing to properly treat and care for Plaintiff;

    g.  Failing to properly examine Plaintiff's injuries;

h.   By failing to take proper measures to secure adequate treatment for Plaintiff, including unreasonably delaying taking measures to secure such adequate treatment; and/or

i.   Failing to give Plaintiff proper discharge instructions or provide Plaintiff her medical records or imaging.

133.  Under the doctrine of Respondeat Superior, employers are vicariously liable for the negligent acts or omissions by their employees and/or other agents within the course of employment and/or agency.

134.  Defendant is therefore vicariously liable for all injuries and damages sustained by Plaintiff as a result of the negligence of the ship's medical staff (including its physicians and nurses), and the ship's crew.

135.  At all times material hereto, the aforementioned acts or omissions on the part of Defendant's ship's medical staff (including its physicians and nurses), and the ship's crew, fell below the standard of care.

136.  The negligence of Defendant's ship's medical staff (including its physicians and nurses), and the ship's crew, proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred and/or said injuries would have been substantially lessened.

137.  Defendant, through its employees and agents, to wit, the ship's medical staff, knew or should have known that the medical procedures they employed violated and/or did not meet reasonable standards of medical care.

138.  As a result of the negligence of Defendant, Plaintiff was injured about Plaintiff's

body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, pain and suffering, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the value of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, Plaintiff, JANET LORENZO-GARCIA, demands Judgment against Defendant, MSC CRUISES, S.A., for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of ability to earn money in the future, loss of the value of Plaintiff's vacation, cruise, and transportation costs, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT VIII
## APPARENT AGENCY FOR THE ACTS OF THE SHIP'S MEDICAL STAFF

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs 10 through 15 as though alleged originally herein.

139. At all times material hereto, the ship's medical staff were represented to Plaintiff and the ship's passengers as employees and/or agents and/or servants of Defendant, in that:

      a. The medical staff wore a ship's uniform;

      b. The medical staff ate with the ship's crew;

      c. The medical staff was under the commands of the ship's officers;

    d.   The medical staff worked in the ship's medical department;

    e.   The medical staff was paid a salary by Defendant;

    f.    The medical staff worked aboard the vessel;

    g.   The medical staff spoke to Plaintiff as though they had authority to do so by Defendant.

140.  At no time did Defendant represent to Plaintiff in particular, or the ship's passengers in general, in a meaningful way that the vessel's medical staff were not agents or employees of Defendant.

141.  At all material times, Plaintiff reasonably relied on the representations to Plaintiff's detriment that the medical staff were employees, and/or agents, and/or servants of Defendant.

142.  It was reasonable to believe that the medical staff were Defendant's agents because they wore a ship's uniform. In addition, at all times material, the medical staff spoke and acted as though they were authorized to do so by Defendant.

143.  This reasonable reliance was detrimental because it delayed Plaintiff from receiving proper medical treatment and/or Plaintiff would not have gone on the subject cruise with Defendant had Plaintiff known that the medical staff on the ship were not Defendant's agents.

144.  Defendant is estopped to deny that the medical staff were its apparent agents, and/or apparent employees, and/or apparent servants.

145. Defendant had a duty to provide Plaintiff with reasonable care under the circumstances and through the acts of its apparent agent breached its duty to provide Plaintiff with reasonable care under the circumstances.

146.  Plaintiff's injuries were accelerated due to the fault and/or negligence of Defendant

through the acts of its apparent agents as follows:

      a.  Failing to properly immobilize Plaintiff's wrist/injuries;

      b.  Failing to promptly provide Plaintiff with proper and/or adequate medical care and attention;

      c.  Failing to timely and properly diagnose Plaintiff's medical condition;

      d.  Failing to attend to Plaintiff and Plaintiff's injuries;

      e.  Failing to provide reasonable medical care;

      f.  Failing to properly treat and care for Plaintiff;

      g.  Failing to properly examine Plaintiff's injuries;

      h.  By failing to take proper measures to secure adequate treatment for Plaintiff, including unreasonably delaying taking measures to secure such adequate treatment; and/or

      i.  Failing to give Plaintiff proper discharge instructions or provide Plaintiff her medical records or imaging.

147. As a result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, pain and suffering, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the value of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, Plaintiff, JANET LORENZO-GARCIA, demands Judgment against Defendant, MSC CRUISES, S.A., for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of ability to earn money in the future, loss of the value of Plaintiff's vacation, cruise, and transportation costs, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

**COUNT IX**
**ASSUMPTION OF DUTY NEGLIGENCE OF THE SHIP'S MEDICAL STAFF**

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs 10 through 15 as though alleged originally herein.

148. Defendant owed Plaintiff the duty to exercise reasonable care under the circumstances for the safety of its passengers.

149. Such duties include, but are not limited to, providing such medical care and assistance as would an ordinarily prudent person under the circumstances.

150. Defendant elected to discharge this duty by having Plaintiff seen by its own ship's physicians and/or other crew members.

151. As such, Defendant voluntarily assumed a duty for the value of Plaintiff to use reasonable care in the provision of medical services to Plaintiff.

152. Defendant breached its duties, and was negligent by failing to adequately examine, diagnose, and/or treat Plaintiff's injuries.

153. Furthermore, Defendant breached its duties, and was negligent because the physicians and/or other crew members that were responsible for treating Plaintiff lacked adequate experience in treating injuries such as the one Plaintiff suffered.

154. Defendant also breached its duties and was negligent by failing to adequately supply its medical center to be able to adequately examine, diagnose, and treat Plaintiff's injuries.

155. Defendant breached its duties and was negligent by failing to take proper measures to ensure that Plaintiff was able to obtain the medical treatment Plaintiff needed in a reasonable amount of time, and as a result, Plaintiff suffered additional injuries and/or Plaintiff's injuries were aggravated and made worse.

156. Additionally, at all times material hereto, Defendant was careless, negligent, and breached its duties as follows:

    a.   Failing to properly immobilize Plaintiff's wrist/injuries;

    b.   Failing to promptly provide Plaintiff with proper and/or adequate medical care and attention;

    c.   Failing to timely and properly diagnose Plaintiff's medical condition;

    d.   Failing to attend to Plaintiff and Plaintiff's injuries;

    e.   Failing to provide reasonable medical care;

    f.   Failing to properly treat and care for Plaintiff;

    g.   Failing to properly examine Plaintiff's injuries;

    h.   By failing to take proper measures to secure adequate treatment for Plaintiff, including unreasonably delaying taking measures to secure such adequate treatment; and/or

i. Failing to give Plaintiff proper discharge instructions or provide Plaintiff her medical records or imaging.

157. At all times material hereto, the aforementioned acts or omissions on the part of Defendant fell below the standard of care.

158. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred, would have been substantially lessened, and/or would not have been aggravated.

159. Defendant, through its employees and agents, to wit, the ship's medical staff, knew, or should have known, that the medical procedures they employed violated reasonable standards of medical care.

160. As a result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, pain and suffering, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the value of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, Plaintiff, JANET LORENZO-GARCIA, demands Judgment against Defendant, MSC CRUISES, S.A., for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of ability to earn money in the future, loss of the value of Plaintiff's vacation, cruise, and transportation costs, loss of

important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff, JANET LORENZO-GARCIA, demands trial by jury on all issues so triable.

**Dated:** August 26, 2020.

Respectfully submitted,

*/s/ Spencer M. Aronfeld*
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Abby H. Ivey, Esq.**
Florida Bar No.: 1002774
aivey@aronfeld.com
**Matthias M. Hayashi, Esq.**
Florida Bar No.: 115973
mhayashi@aronfeld.com
ARONFELD TRIAL LAWYERS
1 Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P:      (305) 441.0440
F:      (305) 441.0198
*Attorneys for Plaintiff*

*/s/ Gabriel Sanchez, Esq.*
**Gabriel Sanchez, Esq**.
Florida Bar No.: 369810
gabriel@thesanchezlawgroup.com
The Sanchez Law Group
7245 SW 87th Ave, Ste 400
Miami, Florida 33173
P:      (305) 595-4661
F:      (305) 595-7669
*Attorneys for Plaintiff*